

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-1616
Re: Does Article 7331, R. C. S.,
1925, as amended in 1938,
limit the tax-collector to
one One Dollar fee per year
from any one delinquent tax-
payer?

We are in receipt of your letter of October 20,
1939, in which you request an opinion of this Department on
the facts set out in your letter as follows:

"Where a taxpayer owns more than one
lot in the same block and same subdivision,
upon all of which lots taxes have become
delinquent, and the taxpayer pays the taxes
which are delinquent on one lot and re-
ceives his redemption certificate on said
lot, and pays the $1.00 fee for each year
of delinquency as provided for in Article
7331, is the Assessor and Collector of Taxes
allowed and required to collect this fee of
$1.00 for each year of delinquency for issu-
ing a redemption certificate on another lot
in the same block and same subdivision for
the same years at a subsequent date?"

Article 7331 of the Revised Civil Statutes of 1925,
prior to its amendment, read , in part, as follows:

"For preparing the annual delinquent
list of assessments charged to the tax col-
lector upon the tax roll, but which have not
been collected at the time of his annual

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

settlement with the State and county, separating the property previously sold to the State from that reported sold as delinquent for preceding years and for prorating the State taxes into State revenue, State school and State pension, calculating the penalty, extending it and adding it in with other taxes, balancing the delinquent lists and certifying it to the commissioners court and the Comptroller, the tax collector shall be entitled to a fee of one dollar for each correct assessment of land to be sold, said fee to be taxed as costs against the delinquent.
* * * * *

In construing this old statute, the Attorney General's Department, in a number of opinions written by Honorable H. Grady Chandler, Assistant Attorney General, held that the One Dollar fee provided therein should be allowed for each tract of land upon which delinquent taxes were owed.

In 1929, in the case of State v. Frost, 16 S. W. (2d) 331, Court of Civil Appeals, the Court held that seventy-four lots in one subdivision were one tract and the tax collector was entitled to only One Dollar for the entire tract under Article 7331 before same was amended. Another Court of Civil Appeals held the same in the case of State vs. Slater, 14 S. W. (2d) 877. This case was, however, reversed by the Supreme Court of Texas in an opinion written in 38 S. W. (2d) 1097. The Supreme Court held that under the old statute the tax collector was entitled to One Dollar for each tract, and "tract" was defined as the unit which was the last or smallest subdivision. It is to be noted that this opinion of the Supreme Court was handed down in 1931, after the amendment of Article 7331 in 1930. However, the case was concerned only with the old statute and did not mention or discuss the new statute and the effect of the amendment.

It was during the period of this unsettled condition of the law on this particular matter in 1930 when the Legislature amended Article 7331. Said Article was amended by the Forty-first Legislature, Fourth Called Session, Chapter 20, Section 8. Subsequent to the amendment, Article 7331 of the Revised Civil Statutes reads, in part, as follows:

"For calculating and preparing re-
demption certificates and receipts, re-
porting and crediting redemptions, post-
ing Comptroller's redemption numbers on
the delinquent tax record or annual de-
linquent list, mailing certificates of
redemption to taxpayers after approval
by the Comptroller, and for issuing re-
ceipts or certificates of redemption for
property shown on the annual delinquent
list, the tax collector shall be entitled
to a fee of one dollar ($1.00) for each
correct assessment of land to be sold,
said fee to be taxed as costs against the
delinquent. Correct assessment as herein
used means the inventory of all properties
owned by an individual for any one year.
* * * *"

It is to be noted from Article 7331, as amended,
that the Legislature has now specifically provided that only
one One Dollar fee is chargeable per year against any one de-
linquent taxpayer regardless of the amount of property upon
which he owes taxes. The Legislature has specifically defined
what is meant by "correct assessment" as "the inventory of all
properties owned by an individual for any one year."

Since Article 7331 was amended in 1930, there have
been no cases which have been concerned with the proposition as
set out in your letter. However, the question was ruled upon
by Attorney General James V. Allred in a conference opinion,
dated August 18, 1933, written by Assistant Attorney General
Homer C. DeWolfe. Mr. DeWolfe's opinion reads, in part, as fol-
lows:

"Here again the compensation allowed
is for the performance of a series of acts
which must be substantially performed be-
fore the fee allowed is earned. However,
the fee is not dependent upon the filing
of suit to collect the taxes delinquent,
but is dependent upon the performance of
the several services enumerated and upon
the actual collection of the taxes, pen-
alties, interest, and costs.

"It must further be observed that the
term 'correct assessment,' as used in the

Act of the Forty-first Legislature, is
meant 'the inventory of all properties
owned by an individual for any one year'?
Theretofore, the term 'correct assess-
ment' had been used to mean each tract of
land as defined by the Legislature and by
the courts; under the Act of the Forty-
first Legislature, however, the term 'correct
assessment' would include all tracts of land
upon which taxes were delinquent for any one
year, located in the county and owned by one
individual.

"Since January 1, 1931, however, the
tax collector has been entitled to a fee of
one ($1.00) dollar for each correct assess-
ment of land to be sold as shown by the
annual delinquent list (correct assessment
meaning the inventory of all properties
owned by an individual for any one year)
'for calculating and preparing redemption
certificates and receipts, reporting and
crediting redemptions, posting Comptroller's
redemption numbers on the delinquent tax re-
cord or annual delinquent list, mailing cer-
tificates of redemption to taxpayers after
approval by the Comptroller, and for issuing
receipts or certificates of redemption for
property shown on the annual delinquent list."

It is the opinion of this Department that the ques-
tion was correctly disposed of by Assistant Attorney General
Homer DeWolfe, in the opinion above quoted. The Legislature,
by amendment, has provided for a One Dollar fee to be paid to
the tax collector for the performance of a number of services
in connection with preparing and recording redemption certifi-
cates. The Legislature has not set-up this One Dollar to be
collectable upon each redemption certificate issued but rather
has allowed the same to the tax collector for a number of ser-
vices including redemption certificates to be issued in connec-
tion with each correct assessment of land. The Legislature has
further defined the term 'correct assessment' to mean the in-
ventory of all properties owned by an individual for any one
year.

It is, therefore, the opinion of this Department, that

Honorable Tom Seay, Page 5

regardless of the time of payment by a taxpayer of delinquent taxes on different parcels of property which he owns and which payments are made at different times, the One Dollar fee provided in Article 7331 is collectable only once by the tax collector for each year on all the property of the taxpayer taken together.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

BG:RS

APPROVED NOV 22, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

